Case 4:23-cr-00371-DC   Document 135   Filed 06/13/24   Page 1 of 16

FILED
June 13, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____CO_____
            DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v<br><br>(1) SERGIO MENCHACA PIZARRO, AKA "MENCHACA, JR." AKA "EL MENCHACA" AKA "EL ROBIN,"<br><br><br>(12) ULISIS OMAR ISLAS-MACIAS, AKA "CLON," and<br><br>■■■■■■■■■■■■■■■<br><br>Defendants. | **S E A L E D**<br><br>CAUSE NUMBER:  4:23-CR-00371-DC<br><br>**SECOND<br>S U P E R S E D I N G<br>I N D I C T M E N T**<br><br>COUNT 1: 21 U.S.C. §§ 848 (a), (b), & (c) Continuing Criminal Enterprise<br><br>COUNT 2: 21 U.S.C. § 846, 841(a)(1), & (b)(1)(A)(vii), Conspiracy to Possess with Intent to Distribute Marijuana<br><br>COUNT 3: 21 U.S.C. § 963, 952(a), 960(a)(1), & 960(b)(1)(G), Conspiracy to Import Marijuana<br><br>COUNT 4: 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(i), & (a)(1)(B)(i)), Conspiracy to Bring in Aliens<br><br>COUNT 5: 8 U.S.C.§§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii) and (a)(1)(B)(i)), Conspiracy to Transport Aliens<br><br>COUNT 6: 18 U.S.C. §§ 924(c) & 924(o), Conspiracy to Possess Firearms in Furtherance of Drug Trafficking Crimes<br><br>*Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

## INTRODUCTION

1.      During the course of the conspiracies charged herein and at all times relevant to this Indictment, Defendants **(1) SERGIO MENCHACA PIZARRO, AKA "MENCHACA, JR." AKA "EL MENCHACA," AKA "EL ROBIN,"** ███████████████████ ███████████████████ ███████████████████ ███████████████████ ███████████████████ ███████████████████ ███████████████████ ███████████████████ **(12) ULISIS OMAR ISLAS-MACIAS, AKA "CLON," and** ███████████████████ ██████, were members and/or associates of La Linea all of whom engaged and conspired in one or more of the criminal activities of the cartel described herein.

2.      La Linea, historically also known as the Juarez Cartel, maintained an especially strong presence in the State of Chihuahua, Mexico, and the Western District of Texas to include essential control of the Ojinaga, Chihuahua, Mexico plaza. A "plaza" in criminal cartel terms is a geographic area, often times adjacent to the border with the United States, that is controlled by a particular criminal enterprise, in this case, La Linea. The town Ojinaga lies on the border with the United States directly across from Presidio, Texas which is in the Western District of Texas.

3.      The La Linea plaza boss for Ojinaga during the majority of the time period covered by this indictment was **(1) SERGIO MENCHACA PIZARRO, AKA "MENCHACA, JR." AKA "EL MENCHACA," AKA "EL ROBIN".** ███████████████████

███ also played a top managerial and organizer role during the time period covered by this indictment.

4. La Linea in Ojinaga maintained a network of criminal conspirators within Mexico who grew, harvested, purchased, processed, packaged, stored, transported, sold, and distributed large quantities of marijuana which was ultimately imported and distributed into the United States at various locations, to include locations within the Western District of Texas. By controlling the Ojinaga plaza, other organizations would at times pay a fee or "piso" to La Linea in order to bring their marijuana through the Ojinaga plaza.

5. La Linea in Ojinaga maintained and worked with a network of criminal conspirators in smuggling undocumented aliens to the United States. By controlling the Ojinaga plaza, other organizations would at times pay a fee or "piso" to La Linea in order to bring through undocumented aliens on their way to the United States.

6. La Linea maintained a network of criminal conspirators who would illegally export from the United States and transport weapons and ammunition needed to establish and maintain the Cartel's drug trafficking and human smuggling activities.

7. La Linea maintained a number of armed security forces, otherwise known as "sicarios," whose duties were to enforce the orders of the cartel leadership which helped to ensure control of the plaza for La Linea thus allowing the organization to continue its criminal activities including drug trafficking and human smuggling.  These "sicarios" would use firearms for these purposes.

**COUNT ONE**
**[21 U.S.C. § 848(a), (b) & (c)]**
**Continuing Criminal Enterprise**

The Grand Jury re-alleges and incorporates the Introduction as if fully set out herein.

Beginning on or about January 1, 2012, and continuing through the return of the date of this indictment, in the Western District of Texas, the Republic of Mexico and elsewhere, Defendants,

**(1) SERGIO MENCHACA PIZARRO,
AKA "MENCHACA, JR." AKA "EL MENCHACA," AKA "EL ROBIN," and**
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

did knowingly and intentionally engage in a Continuing Criminal Enterprise, in that the Defendants, knowingly and intentionally violated provisions of Title 21, United States Code, Sections 841, 846, 952, 960, and 963, which included, but were not limited to the conspiratorial violations alleged below in this Indictment, to wit: Count Two Conspiracy to Possess with the Intent to Distribute marijuana;  Count Three, Conspiracy to Import marijuana; which Counts are realleged and incorporated by reference herein as if fully set forth in this Count, and which Counts were part of a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, *et seq*., undertaken  by the Defendants in concert with at least five other persons over whom the Defendants both occupied  a position of organizer, supervisor and manager and from which the Defendants obtained substantial income and resources, and both defendant **(1) SERGIO MENCHACA PIZARRO, AKA "MENCHACA, JR." AKA "EL MENCHACA," AKA "EL ROBIN," and defendant (**■■■■■■■■■■■■■■■■■■■■■■■ acted as one of several principal administrators, organizers and leaders of the enterprise and the amount of marijuana attributable to both involved at least 300 times the quantity of a substance described in Title 21, United States Code, subsection 841(b)(1)(B), that is, more than 30,000 kilograms of marijuana, all in violation of Title 21, United States Code, Sections 848(a), (b) & (c).

## COUNT TWO
**[21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(vii)]**
**Conspiracy to Possess with Intent to Distribute Marijuana**

The Grand Jury re-alleges and incorporates the Introduction as if fully set out herein.

Beginning on or about January 1, 2008, and continuing through the return of the date of this indictment, in the Western District of Texas, Republic of Mexico and elsewhere Defendants,

(1) SERGIO MENCHACA PIZARRO, AKA "MENCHACA, JR."
AKA "EL MENCHACA" AKA "EL ROBIN,"
(2) SERGIO MENCHACA SR., AKA "EL SENOR,"
(3) ARNALDO RAMOS-HERNANDEZ, AKA "HIPPIE,"
(4) CARLOS TERRAZAS, AKA "CHARLIE BROWN," AKA "CAFECITO,"
(5) SOCORRO RAMIREZ-LUJAN, AKA "COYO," AKA "COYITO,"
(6) ARTURO ARMENDARIZ, AKA "CARTUN," AKA "CARTOON,"
(7) EFRAIN SANCHEZ, AKA "CARTUNCITO,"
(8) ROBERTO GONZALEZ-HERNANDEZ, AKA "04,"
(9) EPIFANIO VILLA-PALMA, AKA "LA PEPA," AKA "LA PERROTA,"
(10) SERGIO PEDRO MENCHACA, AKA "CHECO," AKA "PEDRO,"
(11) OCTAVIO LUJAN-VALDIVIA, AKA "TAVO,"
(12) ULISIS OMAR ISLAS-MACIAS, AKA "CLON," and
(13) ERNESTO YUTZIEL ZUBIA SAENZ,

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with others to the Grand Jury known and unknown, to commit an offense against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved marijuana, a Schedule I Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Section 841(a)(1) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of the mixture or substance containing marijuana involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| **(1) SERGIO MENCHACA PIZARRO,** | 1000 kilograms or more of a mixture or substance containing a detectable | 21 U.S.C. § 841(b)(1)(A)(vii) |

| | | |
|---|---|---|
| AKA "MENCHACA, JR."<br>AKA "EL MENCHACA"<br>AKA "EL ROBIN" | amount of marijuana | |
| ■ | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| ■ | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| ■ | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| ■ " | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| ■ | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| ■ | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| ■ | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| ■ | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| ■ | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| ■ | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |

| (12) ULISIS OMAR ISLAS-MACIAS, AKA "CLON" | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
|---|---|---|
|  | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |

All in violation of Title 21, United States Code, Section 846.

## COUNT THREE
### [21 U.S.C. § 963, 952(a), 960(a)(1), & 960(b)(1)(G)]
### Conspiracy to Import a Marijuana

The Grand Jury re-alleges and incorporates the Introduction as if fully set out herein.

Beginning on or about January 1, 2008, and continuing through the return of the date of this indictment, in the Western District of Texas, Republic of Mexico and elsewhere Defendants,

**(1) SERGIO MENCHACA PIZARRO, AKA "MENCHACA, JR." AKA "EL MENCHACA," AKA "EL ROBIN,"**



**(12) ULISIS OMAR ISLAS-MACIAS, AKA "CLON," and**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with others to the Grand Jury known and unknown, to commit an offense against the United States, in violation of Title 21, United States Code, Section 963, that is to say, they conspired to import a controlled substance, which offense involved marijuana, a Schedule I Controlled

Substance, into the United States from Mexico, contrary to Title 21, United States Code, Section 952(a) and 960(a)(1) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of the mixture or substance containing marijuana involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| (1) SERGIO MENCHACA PIZARRO, AKA "MENCHACA, JR." AKA "EL MENCHACA" AKA "EL ROBIN" | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 960(b)(1)(G) |
| [redacted] | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 960(b)(1)(G) |
| [redacted] | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 960(b)(1)(G) |
| [redacted] | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 960(b)(1)(G) |
| [redacted] | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 960(b)(1)(G) |
| [redacted] | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 960(b)(1)(G) |
| [redacted] | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 960(b)(1)(G) |

| | | |
|---|---|---|
| ■■■ | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 960(b)(1)(G) |
| ■■■ | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 960(b)(1)(G) |
| ■■■ | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 960(b)(1)(G) |
| ■■■ | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 960(b)(1)(G) |
| **(12) ULISIS OMAR ISLAS-MACIAS, AKA "CLON"** | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 960(b)(1)(G) |
| ■■■ | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 960(b)(1)(G) |

All in violation of Title 21, United States Code, Section 963.

### COUNT FOUR
[8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(i), & (a)(1)(B)(i)]
**Conspiracy to Bring in Aliens**

Beginning on or about January 1, 2020 and continuing through the return of the date of this indictment, in the Western District of Texas, Republic of Mexico, and elsewhere, Defendants,

**(1) SERGIO MENCHACA PIZARRO, AKA "MENCHACA, JR." AKA "EL MENCHACA" AKA "EL ROBIN,"**



Rev. 2018-01-09

**(12) ULISIS OMAR ISLAS-MACIAS, AKA "CLON," and**

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States, namely: to bring to and attempt to bring to the United States certain aliens, at a place other than a designated port of entry, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), (a)(1)(A)(i), and (a)(1)(B)(i).

## COUNT FIVE
[8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii) and (a)(1)(B)(i)]
**Conspiracy to Transport Aliens**

Beginning on or about January 1, 2020 and continuing through the return of the date of this indictment, in the Western District of Texas, Republic of Mexico and elsewhere, Defendants,

**(1) SERGIO MENCHACA PIZARRO, AKA "MENCHACA, JR." AKA "EL MENCHACA" AKA "EL ROBIN,"**



**(12) ULISIS OMAR ISLAS-MACIAS, AKA "CLON," and**

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States, namely: to transport and move and attempt to transport and move aliens within the United States knowing and in reckless disregard of the fact that said aliens had come to, entered, and remained in the United States in violation of law, said transportation being in furtherance of said violation of law, in violation of

Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii) and (a)(1)(B)(i).

## COUNT SIX
### [18 U.S.C. §§ 924(c) & (o)]
### Conspiracy to Possess Firearms in Furtherance of Drug Trafficking Crimes

Beginning on or about January 1, 2012 and continuing through the return of the date of this indictment, in the Western District of Texas, Defendants,



(1) SERGIO MENCHACA PIZARRO, AKA "MENCHACA, JR." AKA "EL MENCHACA" AKA "EL ROBIN,"

(12) ULISIS OMAR ISLAS-MACIAS, AKA "CLON," and

knowingly combined, conspired, confederated and agreed with others known and unknown to the Grand Jury to commit offenses against the United States, that is, the Defendants conspired to possess firearms in furtherance of the drug trafficking crimes charged in Counts two and Three of this Indictment, re-alleged herein, contrary to Title 18, United States Code, Sections 924(c)(1) and 924(o).

### NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Drug Violation and Forfeiture Statutes
[Title 21 U.S.C. §§ 848(a), (b), and (c), 846, 841(a)(1) and (b)(1)(A)(vii), 963, 952(a), 960(a)(1) and (b)(1)(G), subject to forfeiture pursuant to Title 21 U.S.C. §§ 848, 853(a)(1) and (2)]

As a result of the criminal violations set forth in Counts One through Three, the United

States gives notice to Defendants **(1) SERGIO MENCHACA PIZARRO AKA "MENCHACA JR." AKA "EL MENCHACA" AKA "EL ROBIN,"** ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ **(12) ULISIS OMAR ISLAS-MACIAS AKA "CLON" AND** ████████████████████████████████████ **,** of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. §§ 848, 853(a)(1) and (2), which state:

> **Title 21 U.S.C. § 853. Criminal forfeitures**
> **(a) Property subject to criminal forfeitures.**
> Any person convicted of a violation of this subchapter or subchapter II punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law.--
>> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
>> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; . . .
>
> **(B)** The Court, in imposing sentence on a person described in subparagraph (A), shall order that the person forfeit to the United States all property described in that subparagraph.
>
> **Title 21 U.S.C. § 848(a) and (b). Continuing criminal enterprise**
> **(a) Penalties; Forfeitures**
> Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment, to a fine not to exceed the greater of that authorized in accordance with the provisions of title 18 or $2,000,000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual, and to the forfeiture prescribed in <u>section 853 of this title</u>; except that if any person engages in such activity after one or more prior convictions of him under this section have become final, he shall be sentenced to a term of imprisonment which may not be less than 30 years and which may be up to life

imprisonment, to a fine not to exceed the greater of twice the amount authorized in accordance with the provisions of title 18 or $4,000,000 if the defendant is an individual or $10,000,000 if the defendant is other than an individual, and to the forfeiture prescribed in section 853 of this title.

## II.
## Transportation of Aliens Violation and Forfeiture Statutes
**[Title 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(i), (a)(1)(A)(ii), and (a)(1)(B)(i), subject to forfeiture pursuant to Title 18 U.S.C. §§ 982(a)(6)(A) and (B) and Title 8 U.S.C. § 1324(b)(1), made applicable to criminal forfeiture by Title 28 U.S.C. 2461(c)]**

As a result of the foregoing criminal violations set forth in Counts Four and Five, the United States of America gives notice to Defendants **(1) SERGIO MENCHACA PIZARRO AKA "MENCHACA JR." AKA "EL MENCHACA" AKA "EL ROBIN,"** ▮▮▮ **(12) ULISIS OMAR ISLAS-MACIAS AKA "CLON," AND** ▮▮▮, of its intent to seek the forfeiture of certain property upon conviction and as part of any sentence pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. §21 982(a)(6)(A) and (B) and Title 8 U.S.C. § 1324(b)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state, in pertinent part, the following:

> **Title 18 U.S.C. § 982. Criminal forfeiture**
> **(a)(6)(A)** The court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate, section 274(a) . . . of the Immigration and Nationality Act . . . shall order that the person forfeit to the United States, regardless of any provision of State law—
>   **(i)** any conveyance, including any vessel, vehicle, or aircraft used in the commission

of the offense of which the person is convicted; and
(ii) any property real or personal—
   (I) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or
   (II) that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.
(B) The Court, in imposing sentence on a person described in subparagraph (A), shall order that the person forfeit to the United States all property described in that subparagraph.

**Title 8 U.S.C. § 1324. Bringing in and harboring certain aliens**
(b) Seizure and forfeiture.
   (1) In general. Any conveyance…that has been or is being used in the commission of a violation of subsection (a), the gross proceeds of such violation, and any property traceable to such conveyance or proceeds, shall be seized and subject to forfeiture.

### III.
### Firearm Violation and Forfeiture Statutes
**[Title 18 U.S.C. §§ 924(c) and (o), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the criminal violations set forth in Count Six, the United States gives notice to Defendants **(1) SERGIO MENCHACA PIZARRO AKA "MENCHACA JR." AKA "EL MENCHACA" AKA "EL ROBIN,"** ▮

▮ **(12) ULISIS OMAR ISLAS-MACIAS AKA "CLON" AND** ▮ ▮ , of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states:

**Title 18 U.S.C. § 924.**
* * *
**(d)(1)** Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in violation of section 922(*l*), or knowing violation of section 924, shall be subject to seizure and forfeiture under the provisions of this chapter. . .

This Notice of Demand for Forfeiture includes but is not limited to the Money Judgment described in Paragraph IV.

### IV.
### Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, or traceable to such property as a result of the violations set forth in Counts One through Five for which Defendants **(1) SERGIO MENCHACA PIZARRO AKA "MENCHACA JR." AKA "EL MENCHACA" AKA "EL ROBIN,"** ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ **AND (12) ULISIS OMAR ISLAS-MACIAS AKA "CLON"** and ████████████████████████████████ are individually liable.

### Substitute Assets

If any forfeitable property being subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

███████████████████

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: *[signature: Amy J. Greenbaum for]*
_____
STEVEN R. SPITZER
Assistant United States Attorney